## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AIG PROPERTY AND CASUALTY COMPANY,<br><br>                    Plaintiff,<br><br>vs.<br><br>THREE C RANCH, LLC,<br>Serve: Matthew Jacober<br>       7701 Forsyth Boulevard, Ste. 500<br>       St. Louis, MO 63105<br><br>DARRREN BUDDEMEYER,<br>Serve: 10 Fieldstone Trail<br>       St. Louis, MO 63124<br><br>JOHN DOUGLASS,<br>Serve: 1520 Andrew Drive<br>       St. Louis, MO 63112<br><br>ROBERT BYRNE, and<br>Serve: 18 Manderleigh Estates Ct.<br>       Frontenac, MO 63131<br><br>MADELEINE BYRNE,<br>Serve: 18 Manderleigh Estates Ct.<br>       Frontenac, MO 63131<br><br>                    Defendants. | **JURY TRIAL DEMANDED**<br><br>Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff AIG Property Casualty Company (Plaintiff or AIGPC), by and through counsel and pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, states as follows for its Complaint for Declaratory Judgment:

## PARTIES

1. Plaintiff AIGPC is incorporated in the state of Illinois.

2. AIGPC has its principal place of business in New York, New York. AIGPC is not a citizen of Missouri for the purposes of diversity jurisdiction.

3. Defendant Three C Ranch, LLC (Three C Ranch) is a Missouri limited liability company. Upon information and belief, all of the members of Three C Ranch are citizens of Missouri, making Three C Ranch a citizen of Missouri for the purposes of diversity jurisdiction.

4. Defendant Darren Buddemeyer is a natural person and, upon information and belief, is a citizen of Missouri for purposes of diversity jurisdiction.

5. Defendant John Douglass is a natural person and, upon information and belief, is a citizen of Missouri or a citizen of Texas for purposes of diversity jurisdiction.

6. Defendant Robert Byrne is a natural person and, upon information and belief, is a citizen of Missouri for purposes of diversity jurisdiction.

7. Defendant Madeleine Byrne is a natural person and, upon information and belief, is a citizen of Missouri for purposes of diversity jurisdiction.

8. This action arises out of a recreational motor vehicle (UTV/ATV) accident that occurred on July 27, 2019, in Pike County, Missouri, and policies of Homeowners and Personal Excess Liability Insurance issued by AIGPC in Missouri.

## VENUE AND JURISDICTION

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this case involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 1397.

## FACTS COMMON TO ALL PARTIES AND CLAIMS
### The Excess Policy

11. AIGPC issued a Personal Excess Liability insurance policy to Darren Buddemeyer with policy number PCG 0014992963 for the policy period of October 10, 2018, to October 10, 2019 (the Excess Policy). A true and accurate copy of the Excess Policy, premium redacted, is attached hereto as *Exhibit A* and incorporated herein by reference.

12. The Excess Policy contains the following pertinent provisions:

**PART I – DEFINITIONS**

Words with special meanings are defined here or in the part of the policy where they are used. Throughout the policy, defined terms will be bolded when used.

In this policy, the words "you", "your" and "yours" mean the person or persons named on the Declarations Page and his or her spouse who lives in the same household….

**Family Member** means a person related to you by blood, marriage or adoption that lives in your household, including a ward or foster child….

**Insured Person** means:

a. You or a family member;

b. An additional insured named in the policy; or

c. Any person given permission by you or a family member to use a vehicle or watercraft covered under this policy with respect to their legal responsibility arising out of its use….

**Recreational Motor Vehicle** means:

a. A motorized land vehicle designed for use off public roads and not subject to motor vehicle registration or operator licensing;

b. A motorized land vehicle in dead storage at your residence;

3

c. A motorized land vehicle used solely on and to service a location shown on the Declarations Page….

**PART V – WHAT IS NOT COVERED – EXCLUSIONS**

**A. As respects Excess Liability, Limited Employment Practices Liability and Limited Charitable Board Directors and Trustees Liability:**

This insurance does not provide coverage for liability, defense costs or any other cost or expense:

1. Auto or Recreational Motor Vehicles

Arising out of the ownership, maintenance, use, loading or unloading of:

a. Any motorized land vehicle (other than an **auto** or **recreational motor vehicle**) owned, leased, or regularly used by any insured person; or

b. Any **auto** or **recreational motor vehicle** not covered by any underlying insurance or not listed on the Declarations Page of this policy.

This exclusion does not apply to covered damages as provided under Rented or Borrowed Auto and Newly Acquired Auto and Watercraft Additional Coverages.

*Exhibit A.*

13. No recreational motor vehicles are listed on the Declarations Page of the Excess Policy. *Exhibit A, first three pages.*

### The Byrne Petition

14. On January 30, 2020, defendants Robert and Madeleine Byrne filed a Petition for Damages in the Circuit Court of Pike County, Missouri (Byrne Petition). A true and accurate copy of the Byrne Petition is attached hereto as *Exhibit* B and incorporated herein by reference.

4

15. In the Byrne Petition, Robert and Madeleine Byrne make wrongful death claims against the defendants therein arising out of the death of their daughter, Lydia Byrne. *Exhibit B, parag. 5*.

16. The Byrnes' claims for wrongful death as alleged in the Byrne Petition arise out of the ownership, maintenance, and/or use of a recreational motor vehicle, namely a Polaris UTV. *Exhibit B, parag. 15 and generally*.

17. AIGPC is providing a defense and coverage for Darren Buddemeyer and John Douglass for the claims made and damages alleged in the Byrne Petition pursuant to the terms, conditions, and provisions of a Homeowners Policy, policy number PCG 0013761131 (Homeowners Policy) that it issued to Darren Buddemeyer. A true and accurate copy of the Homeowners Policy, premium redacted, is attached hereto as *Exhibit C* and incorporated herein by reference.

18. AIGPC has denied coverage and defense to Three C Ranch under the Homeowners Policy for the claims made and damages alleged in the Byrne Petition.

19. On May 7, 2020, Robert and Madeleine Byrne made demand, among other demands, for payment of the limits of the of the Excess Policy ($10,000,000) for settlement of all claims made in the Byrne Petition (Ex. B) against all defendants (Settlement Demand). A true and accurate copy of the Settlement Demand is attached hereto as *Exhibit D* and incorporated by reference.

## **COUNT I – THREE C RANCH – HOMEOWNERS POLICY**

20. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 19, as though fully set forth herein.

21. In all material respects to Three C Ranch, the definition of **Insured Person** is the same in the Homeowners Policy as it is in the Excess Policy as set forth in paragraph 12, above. *Exhibit C, Part I – Definitions*.

22. Three C Ranch is not a named insured in the Homeowners Policy. *Exhibit C, Declarations Page*.

23. Three C Ranch is not an additional insured named in the Homeowners Policy. *Exhibit C, generally*.

24. Three C Ranch is not an insured under the Homeowners Policy.

25. Upon information and belief, Three C Ranch has sought, or will seek, coverage and defense from plaintiff under all AIGPC policies, *Exhibits A and C*.

26. Plaintiff is entitled to the declaratory judgment of this Court that the Homeowners Policy does not provide coverage for Three C Ranch for the claims made and damages alleged in the Byrne Petition.

**WHEREFORE**, Plaintiff prays for the declaratory judgment of this Court that no coverage is provided for defendant, Three C Ranch, LLC, under the Homeowners Policy, policy number PCG 0013761131, for the claims made and damages alleged in the Byrne Petition, and for whatever other and further relief as to the Court seems just and proper.

## COUNT II – THREE C RANCH – EXCESS POLICY

27. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 26, as though fully set forth herein.

28. Three C Ranch is not a named insured in the Excess Policy. *Exhibit A, Declarations Page(s)*.

29. Three C Ranch is not an additional named insured in the Excess Policy. *Exhibit A, generally.*

30. Three C Ranch is not an insured under the Excess Policy.

31. The Auto or Recreational Motor Vehicle exclusion in the Excess Policy, paragraph 11, above, excludes coverage for Three C Ranch under the Excess Policy for the claims made and damages alleged in the Byrne Petition because no recreational motor vehicle was listed on the Declarations Page(s) of the Excess Policy, paragraph 12, above.

32. Plaintiff is entitled to the declaratory judgment of this Court that the Excess Policy does not provide coverage for Three C Ranch for the claims made and damages alleged in the Byrne Petition.

**WHEREFORE**, Plaintiff prays for the declaratory judgment of this Court that no coverage is provided for defendant, Three C Ranch, LLC, under the Excess Policy, policy number PCG 0014992963, for the claims made and damages alleged in the Byrne Petition, and for whatever other and further relief as to the Court seems just and proper.

### COUNT III – DARREN BUDDEMEYER – EXCESS POLICY

33. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 32, as though fully set forth herein.

34. The Auto or Recreational Motor Vehicle exclusion in the Excess Policy, paragraph 11, above, excludes coverage for Darren Buddemeyer under the Excess Policy for the claims made and damages alleged in the Byrne Petition because no recreational motor vehicle was listed on the Declarations Page(s) of the Excess Policy, paragraph 12, above.

35. Upon information and belief, Darren Buddemeyer has sought, or will seek, coverage under the Excess Policy for the claims made and damages alleged in the Byrne Petition.

7

36. Plaintiff is entitled to the declaratory judgment of this Court that the Excess Policy does not provide coverage for Darren Buddemeyer for the claims made and damages alleged in the Byrne Petition.

**WHEREFORE**, Plaintiff prays for the declaratory judgment of this Court that no coverage is provided for defendant, Darren Buddemeyer, under the Excess Policy, policy number PCG 0014992963, for the claims made and damages alleged in the Byrne Petition, and for whatever other and further relief as to the Court seems just and proper.

### COUNT IV – JOHN DOUGLASS – EXCESS POLICY

37. Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 36, as though fully set forth herein.

38. The Auto or Recreational Motor Vehicle Exclusion in the Excess Policy, paragraph 12, above, excludes coverage for John Douglass under the Excess Policy for the claims made and damages alleged in the Byrne Petition because no recreational motor vehicle was listed on the Declarations Page(s) of the Excess Policy.

39. John Douglass is not an insured under the Excess Policy because he is not a named insured on the Excess Policy, he does not qualify as a family member or additional insured under the Excess Policy, and/or he was not a permissive user of a recreational motor vehicle covered under the Excess Policy, paragraph 12, above.

40. Upon information and belief, John Douglass has sought, or will seek, coverage under the Excess Policy for the claims made and damages alleged in the Byrne Petition.

41. Plaintiff is entitled to the declaratory judgment of this Court that the Excess Policy does not provide coverage for John Douglass for the claims made and damages alleged in the Byrne Petition.

**WHEREFORE**, Plaintiff prays for the declaratory judgment of this Court that no coverage is provided under the Excess Policy, policy number PCG 0014992963, for John Douglass for the claims made and damages alleged in the Byrne Petition, and for whatever other and further relief to the Court seems just and proper.

### COUNT V – ROBERT AND MADELEINE BYRNE – EXCESS POLICY

42. Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 41, as though fully set forth herein.

43. The Auto or Recreational Motor Vehicle Exclusion in the Excess Policy, paragraph 12, above, excludes coverage for the claims made by Robert and Madeleine Byrne against all defendants, Three C Ranch, Darren Buddemeyer, and John Douglass, as alleged in the Byrne Petition and the Settlement Demand because no recreational motor vehicle was listed on the Declarations Page(s) of the Excess Policy.

44. There is no coverage under the Excess Policy for the claims made by Robert and Madeleine Byrne against Three C Ranch as alleged in the Byrne Petition and the Settlement Demand because Three C Ranch is not an insured under the Excess Policy.

45. There is no coverage under the Excess Policy for the claims made by Robert and Madeleine Byrne against John Douglass as alleged in the Byrne Petition and the Settlement Demand because John Douglass is not a named insured on the Excess Policy, he does not qualify as a family member or additional insured under the Excess Policy, and/or he was not a permissive user of a recreational motor vehicle covered under the Excess Policy, paragraph 12, above.

**WHEREFORE,** Plaintiff prays for the declaratory judgment of this Court that no coverage is provided for defendants Three C Ranch, LLC, Darren Buddemeyer, and John Douglass under the Excess Policy, for the claims made and damages alleged in the Byrne

9

Petition and the Settlement Demand for payment of the Excess Policy limits made by Robert and Madeleine Byrne, and for whatever other and further relief as to the Court seems just and proper.

## COUNT VI – ROBERT AND MADELEINE BYRNE – HOMEOWNERS POLICY

46. Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 45, as though fully set forth herein.

47. There is no coverage for Three C Ranch under the Homeowners Policy for the claims made by Robert and Madeleine Byrne against Three C Ranch in the Byrne Petition and Settlement Demand because Three C Ranch is not an insured under the Homeowners Policy.

**WHEREFORE,** Plaintiff prays for the declaratory judgment of this Court that no coverage is provided for Three C Ranch, LLC, under the Homeowners Policy for the claims made and damages alleged in the Byrne Petition and the Settlement Demand made by Robert and Madeleine Byrne, and for whatever other as further relief as to the Court seems just and proper.

## JURY TRIAL DEMAND

Plaintiff respectfully requests a jury trial on all issues triable to a jury.

RESPECTFULLY SUBMITTED,

ARMSTRONG TEASDALE LLP

By: /s/ *Kathryn C. Bascom*_____
Lynn W. Hursh                                    #38653
Kathryn C. Bascom                            #64793
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
816.221.3420
816.221.0786 (facsimile)
lhursh@atllp.com
kbascom@atllp.com

ATTORNEYS FOR PLAINTIFF AIG
PROPERTY AND CASUALTY COMPANY